USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/11/2022__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMG RECORDINGS, INC.<br><br>                         Plaintiff,<br>v.<br><br>OPENDEAL INC. D/B/A REPUBLIC,<br><br>                         Defendant. | **STIPULATED CONFIDENTIALITY**<br>**AGREEMENT AND**<br>**PROTECTIVE ORDER**<br><br>Case No. 1:21-cv-09358 (AT) |

WHEREAS, the parties to this action (collectively the "Parties" and each individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for the issuance of the within Protective Order, which the Court finds is appropriately tailored to govern the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action (including their respective corporate parents, subsidiaries, affiliates, successors, and assigns), their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with notice of this Order who agree to be bound thereby—will adhere to the following terms, upon pain of appropriate sanction as the Court may determine:

**Designation and Use of Discovery Material**

1.      Counsel for a Party or for a third party which is providing or disclosing Discovery Material (as that term is hereinafter defined) in this action may designate any information of any

kind produced or disclosed in the course of discovery in this action, including, but not limited to, any document, information contained in a document, information revealed in an interrogatory response, and/or information revealed during a deposition ("Discovery Material"), as confidential if counsel determines, in good faith, that such designation is necessary or appropriate to protect the interests of the Party or third party represented by such counsel in respect of Discovery Material that such Party or third party believes in good faith contains confidential and/or proprietary information not otherwise known or available to the public.

2.      With respect to Discovery Material that a Party or third party designates as confidential or highly confidential pursuant to this Protective Order ("Confidential Discovery Material"), no person subject to this Protective Order may disclose such Confidential Discovery Material except as expressly permitted by and as provided in this Protective Order.

3.      Where reasonably practicable and not unduly burdensome, the Party or third party producing or disclosing Discovery Material ("Producing Party") shall designate as Confidential Discovery Material only the portion of such material that it reasonably and in good faith believes is necessary or appropriate to protect its interests and contains confidential and/or proprietary information not otherwise known or available to the public, including, but not limited to:

      (a)      previously non-publicly-disclosed financial information (including without limitation profitability reports or estimates, revenue projections and returns on investment, royalty rates, minimum guarantee payments, commissions, analyses, sales reports, and sale margins);

      (b)      previously non-publicly-disclosed material relating to ownership or control of any non-public company or entity;

{F4613160.1 }

(c)    previously non-publicly-disclosed business plans, potential investment

opportunities, product development information, or marketing plans;

(d)    any information of a private or intimate nature regarding any individual;

or

(e)    any other category of information that a Party reasonably believes in good

faith should be, or which the Court determines shall be, accorded

confidential status.

4.    The following information is not, and shall not be designated as, Confidential

Discovery Material: any information that at the time of its disclosure in this action is part of the

public domain or has been previously publicly disclosed through prior publication or other act

that is not violative of this Protective Order; and any information that after its disclosure in this

action becomes part of the public domain or is otherwise publicly disclosed by reason of its

publication by a third party or other act that is not violative of this Protective Order.

5.    Pursuant to and in accordance with Federal Rule of Evidence 502(d), the

production of Discovery Material in this litigation that is protected from disclosure by the

attorney-client privilege and/or the work product doctrine, whether inadvertent or otherwise,

shall not be a waiver of any privilege or protection from disclosure in this action or in any other

legal proceedings.  This Protective Order shall be interpreted to provide the maximum protection

allowed under Federal Rule of Evidence 502(d).

6.    If at any time before the trial of this action a Producing Party realizes that it has

inadvertently disclosed to the other Party or a third party (each a "Receiving Party") Discovery

Material which should have been marked as confidential, or is subject to the assertion by the

Producing Party of the attorney-client privilege, the attorney work product doctrine, or some

other recognized protection from disclosure, the Producing Party may so designate such material by giving written notice thereof to the Receiving Party or Receiving Parties of such material. As it relates to inadvertently disclosed Discovery Material that is subject to the assertion of the attorney-client privilege, the attorney work product doctrine, or some other recognized protection from disclosure, upon receipt of such notice, such Receiving Party or Receiving Parties shall (1) not use and shall immediately cease reviewing or using such information; (2) take reasonable steps to retrieve the Discovery Material from others to whom the Receiving Party disclosed such Discovery Material; (3) destroy or return to the Producing Party such Discovery Material and all copies thereof in existence within five (5) business days of its receipt of such notice; and (4) provide written confirmation to the Producing Party of such destruction and/or return within five (5) business days thereof. As it relates to Discovery Material that is now being designated as Confidential or Highly Confidential, upon receipt of such notice, the Receiving Party or Receiving Parties shall treat the same in accordance with this Protective Order and the Producing Party shall produce a new copy of the Discovery Material bearing the appropriate confidentiality designation. The inadvertent production of any such Discovery Material shall not be deemed to be a waiver of any privilege or other protection from disclosure, and no Party or third party shall argue to the contrary. Nothing in this paragraph is intended to, or shall, restrict the ability of a Party or third party to challenge the designation of such Discovery Material as confidential or challenge the assertion of attorney-client privilege, attorney work product protection, or other protection from disclosure with respect thereto. To that end, and notwithstanding the provisions of this paragraph 6, a Party may move to compel the production of any such Discovery Material on the basis that: (a) such material is not protected from disclosure by the attorney-client privilege, the work product doctrine or some other recognized protection from disclosure; or (b)

any applicable privilege or protection from disclosure has been waived by some act other than

the inadvertent production of the Discovery Material. Prior to the filing of any such motion to

compel, the Parties shall meet and confer to discuss the possible resolution of the issues raised by

the contemplated motion.

7.     Nothing contained in this Protective Order will be construed as: (a) a waiver by a

Party or third party of its right to object to any discovery request on any grounds; (b) a waiver of

any privilege or other protection from disclosure; or (c) a ruling regarding the admissibility at

trial of any document, testimony, or other evidence.

8.     Where a Producing Party has designated Discovery Material as Confidential, such

Confidential Discovery Material shall be used only in the prosecution and defense of this action

and any appeal relating thereto and the Parties and other persons subject to this Protective Order

may disclose such information only to the following categories of persons:

      (a)     the Parties to this action, including their respective officers, directors, in-
house counsel, managers, employees, insurers, and counsel to their
insurers who are participating or otherwise involved in the action;

      (b)     outside counsel retained specifically for this action, including any
paralegal or clerical or other assistant that such outside counsel employs
and assigns to this action;

      (c)     outside vendors and service providers (such as copy-service providers and
document-management consultants) that such outside counsel hire and
assign to this action;

      (d)     any mediator or arbitrator that the Parties engage in connection with this
action or that the Court appoints, provided that such person has first

executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto;

(e)     as to any document, its author, its addresse(es), and any other person indicated on the face of the document as having received a copy;

(f)     any non-party witness whom counsel for a Party in good faith believes may be called to testify at a deposition or hearing or the trial in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto;

(g)     any person a Party retains to serve as a consulting expert, an expert witness or to otherwise provide specialized advice to counsel in connection with this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto;

(h)     stenographers engaged to transcribe depositions, hearings and the trial in this action; and

(i)     this Court and any appellate court addressing an appeal related to this action, the support personnel thereof, and court reporters providing services thereto.

9.     Before disclosing any Confidential Discovery Material to any person described in subparagraphs 8(d), 8(f), or 8(g) above, outside counsel must first provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u> hereto.  Said counsel shall retain each signed Non-Disclosure Agreement and produce the same to opposing counsel upon the request of such opposing counsel either

{F4613160.1 }

before such person is permitted to testify (at deposition, hearing or trial) or at the conclusion of the action, whichever first occurs.

10.     Discovery Material may be designated Highly Confidential in the extraordinary circumstances where the Producing Party (or other designating party) in good faith believes that such Discovery Material constitutes or contains trade secrets or other non-public, highly sensitive confidential research, development, technical, business, financial or trade secret information that has not been publicly disclosed and the disclosure of which to the public or the other Party's (or a third party's) agents or employees the Producing Party (or other designating party) reasonably and in good faith believes would cause the Producing Party to suffer substantial commercial or competitive disadvantage or harm.

11.     Where a Producing Party has designated Discovery Material as Highly Confidential, such Highly Confidential Discovery Material shall be used only in the prosecution and defense of this action and any appeals relating thereto and the Parties and other persons subject to this Protective Order may disclose such information only to the following categories of persons:

  (a)    the Producing Party, including, its officers, directors and employees;

  (b)    outside counsel retained specifically for this action, including any paralegal or clerical or other assistant that such outside counsel employs and assigns to this action;

  (c)    outside vendors and service providers (such as copy-service providers and document-management consultants) that such outside counsel hire and assign to this action;

{F4613160.1 }

(d)     any mediator or arbitrator that the Parties engage in connection with this action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness called by the Producing Party who counsel for Party in good faith believes may be called to testify at a deposition or hearing or the trial in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any third-party witness called by the Receiving Party who counsel for the Receiving Party in good faith believes may be called to testify at a deposition or hearing or the trial in this action, provided that (i) either the Producing Party agrees in writing to the disclosure of such Highly Confidential Discovery Material to such person or the Court orders that the such Highly Confidential Discovery Material may be shown to such person, and (ii) such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

(h)     any person a Party retains to serve as a consulting witness, an expert witness or to otherwise provide specialized advice to counsel in connection with this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i)     stenographers engaged to transcribe depositions, hearings and the trial in this action; and

8

       (j)      this Court and any appellate court addressing an appeal related to this

action, the support personnel thereof, and court reporters providing

services thereto.

12.     Before disclosing any Highly Confidential Discovery Material to any person

described in subparagraphs 11(d), 11(f), 11(g), or 11(h) above, outside counsel must first provide

a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in

the form annexed as <u>Exhibit</u> <u>A</u> hereto.  Said counsel shall retain each signed Non-Disclosure

Agreement and produce the same to opposing counsel upon the request of such opposing counsel

either before such person is permitted to testify (at deposition, hearing, or trial) or at the

conclusion of the action, whichever first occurs.

13.     With respect to Confidential or Highly Confidential Discovery Material or the

Confidential or Highly Confidential portion of any Discovery Material (other than deposition

transcripts and exhibits), the Producing Party or its outside counsel may designate any such

material  as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly

marking as "Confidential" or "Highly Confidential" the document or applicable portion thereof

in a manner that does not interfere with the legibility or audibility thereof; and (b) where only a

portion of the Discovery Material has been designated Confidential or Highly Confidential,

producing another copy of said Discovery Material with the Confidential or Highly Confidential

information redacted, with such redaction duly noted thereon.

14.     A Producing Party or its counsel may designate deposition exhibits or portions of

deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a)

indicating on the record during the deposition that a question, the response thereto and/or the use

or reference to an exhibit calls for or contains Confidential or Highly Confidential information,

9

in which event the reporter will bind the transcript of the designated testimony and/or said exhibit in a separate volume and mark the same as "Confidential or Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the receipt by such Producing Party of the transcript of such deposition of the specific pages and lines of the transcript and/or the deposition exhibits that are to be designated "Confidential" or "Highly Confidential," in which event all counsel receiving the transcript and/or exhibits will be responsible for marking the copies of the designated transcript and exhibits in their possession or under their control as directed by the Producing Party or that person's outside counsel.  In furtherance of the foregoing, during the 30-day period following each Party's receipt of the transcript of such depositions, all Parties will treat the entire deposition transcript as if it had been designated Confidential, except as it relates to Highly Confidential Discovery Material that was indicated on the record during the deposition as being Highly Confidential information, as such Highly Confidential Discovery Material shall be treated as Highly Confidential during the 30-day period.

15.    Any Party who objects to any designation of Discovery Material as "Confidential" or "Highly Confidential" may at any time before the trial of this action serve upon counsel for the Producing Party or other party who made such designation (with a copy thereof provided to the Producing Party) a written notice stating with particularity the grounds of the objection.  If the Parties (or such other party) cannot reach agreement promptly with respect to such objections, counsel for the Parties (or such other party) may present their dispute to this Court in accordance with Rule II(C) of this Court's Individual Rules of Practice in Civil Cases.

**Filing Under Seal**

16.     Any Party filing under seal documents that contain or consist of Confidential or Highly Confidential Discovery Material shall follow the procedures set forth in Rule IV(A) of the Court's Individual Rules of Practice in Civil Cases.

**General Provisions**

17.     Recipients, *i.e.*, Receiving Parties, of Confidential Discovery Material and Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals relating thereto, and not for any other purpose, including, without limitation, any business, commercial, or competitive purpose, or in any other litigation proceeding.  Nothing contained in this Protective Order will affect or restrict the rights of any Party with respect to its own documents or information that such Party produced in this action.

18.     In the event that a Party receives a subpoena for the production of, or is otherwise requested or required to produce, any documents or information produced by another Party or a third party in the action that was designated as Confidential Discovery Material or Highly Confidential Discovery Material, such Party shall, within 3 business days of receiving such a request or directive for such disclosure, provide the Producing Party with written notice of the same to afford the Producing Party the opportunity to object to or seek to limit such disclosure if it so desires, in its discretion and at its sole cost and expense; provided, however, that if the date for disclosure set forth in such request or directive is less than 10 business days following the date on which such request or directive for such disclosure is first received, then the Party from whom such disclosure is sought shall provide telephonic notice of the same to the Producing Party within 1 business day of the date on which such request or directive is first received. Upon

{F4613160.1 }

receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena if the Producing Party deems it appropriate to do so, and the Party to whom such subpoena or other request or demand was directed shall comply with any Court Order or written agreement of the relevant parties in respect thereof.  If, following its receipt of notice in accordance with the foregoing, the Producing Party does not object to or seek to limit such disclosure, the Party which received such subpoena or other demand or request may make such disclosure, provided however that if there is a protective order or confidentiality order in place in the action in which the subpoena or request was issued, the Party which received such subpoena or demand shall designate the produced documents and/or information with a confidentiality designation that most closely corresponds to the confidentiality designation given to the documents and information by the Producing Party in this action. If the third-party that issued the subpoena or demand subsequently challenges the confidentiality designation applied to the produced documents and/or information, the Party which received such subpoena or demand shall have no duty to defend the designations and shall only have a duty to alert the Producing Party as soon as practicable that the designations are being challenged.

19.    Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20.    Within 60 days of the final disposition of this action—including the exhaustion of all rights of appeal—all recipients of Confidential or Highly Confidential Discovery Material must either return the same—including all copies thereof—to the Producing Party, or, upon the written consent of the Producing Party, destroy such material, including all copies thereof.  In either event, on or before the expiration of the aforesaid 60-day deadline, each recipient shall

certify its return or destruction of such material by providing a written certification to the Producing Party that affirms such return or destruction and confirms that it has not retained any copies, abstracts, compilations, summaries, or other forms that reproduce or capture any of such Confidential or Highly Confidential Discovery Material.  Notwithstanding the foregoing provisions of this paragraph 20, outside counsel that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, and attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material, provided that any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material shall remain subject to this Protective Order.

21.     This Protective Order will survive the termination of the action and will continue to be binding upon the Parties and all other persons subject to this Protective Order to whom Confidential or Highly Confidential Discovery Material was produced or disclosed.

22.     This Court will retain jurisdiction over the Parties and all persons subject to this Protective Order for purposes of the enforcement of the terms hereof only during the pendency of this litigation, including the imposition of such sanctions as the Court may determine are appropriate in the event of a violation of this Protective Order.

**SO STIPULATED AND AGREED:**

FROSS ZELNICK LEHRMAN & ZISSU, P.C.   ROSENBERG GIGER & PERALA P.C.


By:   */s/ Jason D. Jones*                          By:   */s/ Brett T. Perala*
      David Donahue                                 John J. Rosenberg
      Jason D. Jones                                 Brett T. Perala
      Daniel M. Nuzzaci                         152 W. 57th Street, 18th Floor
4 Times Square, 17th Floor                        New York, New York 10019
New York, New York 10036

                                     *Attorneys for Defendant*

*Attorneys for Plaintiff*



**SO ORDERED**.

Dated: New York, New York

     May 11, 2022                          _____
                               ANALISA TORRES
                   United States District Judge

14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMG RECORDINGS, INC. <br><br><br>　　　　　　　　　　　　Plaintiff, <br>　　v. <br><br> OPENDEAL INC. D/B/A REPUBLIC, <br><br>　　　　　　　　　　　　Defendant. | **NON-DISCLOSURE** <br> **AGREEMENT** <br><br> Case No. 1:21-cv-09358 (AT) |

I, _____, acknowledge that I have read and understand

the terms of the Protective Order dated _____ that was entered by the Court in the above-

captioned action governing the non-disclosure of those portions of Discovery Material that have

been designated as Confidential and/or Highly Confidential.  I shall comply with and be bound

by all the terms of the Protective Order, and I shall not disclose any Confidential or Highly

Confidential Discovery Material to anyone, except in strict compliance with the provisions of the

Protective Order.  At the conclusion of the action I will return all Discovery Material that was

provided to me, whether or not designated as Confidential or Highly Confidential, to the Party or

attorney from whom I received it.  By acknowledging these obligations under the Protective

Order, I further agree to submit to, and not challenge, the jurisdiction of the United States

District Court for the Southern District of New York over me for the purpose of enforcing the

terms of the Protective Order, and I acknowledge my understanding that my violation of any

terms of the Protective Order could subject me to appropriate sanctions as the Court may

determine, including for contempt of Court.


_____
Name:
Dated:

[F4613160.1 ]